(No. 74-CC-388—Claimant )

MAURICE METZGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1974.*

MAURICE METZGER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stipulation of the parties hereto and the Court being fully advised in the premises;

THIS COURT FINDS that the purpose of this expenditure by the Department of Mental Health was for the payment of a retroactive pay increase which was not paid along with the other employees so entitled, due to the fact that the Department was not notified of such increase until after the funds for FY 1973 had lapsed. According to the departmental report there was a retroactive pay increase of $87 per month for employees classified as Painters under the Illinois Personnel Code. The claimant was so classified from October 1, 1972, to June 30, 1973. On December 12, 1973, the Department of Mental Health was informed by the Department of Personnel, Labor Relations Division, that pursuant to a new collective bargaining agreement pay was to be paid retroactively to October 1, 1972. Money was appropriated for this expense in Fund No. 129, Anna State Hospital, Personnel Services. Of this fund $8,919.53 was returned to the State Treasury upon the lapsing of said fund.

Express authority to pay retroactive pay increases, pursuant to a collective bargaining agreement is found in Ch. 127, Sec. 145, *Ill.Rev.Stat.*, 1971, where the legislature stated:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates as specified in the payroll or other voucher and no additional sums shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, *except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of the collective bargaining agreement the State or state agency and an employee group shall not be construed as an additional payment for work already performed.*" (Emphasis Added)

In light of this Court's decision in *City of Jacksonville* v. *State of Illinois*, 1946, 15 C.C.R. 62, and *Illinois-Iowa Power Company* v. *State of Illinois*, 1942, 12 C.C.R. 308, and the legislative intent embodied in the Ch. 127, Sec. 145, Ill.Rev.Stat., 1971, it is our opinion that the claimant should be paid.

The sole reason that this claim was not previously paid is due to the fact that the Department of Mental Health was not notified of the pay increase until December 12, 1973, after the lapse of the appropriation which would have covered the payment of this expenditure. This fact is indicated in the departmental report a copy of which is attached to the Joint Stipulation of the parties.

IT IS HEREBY ORDERED that the sum of $783 (SEVEN HUNDRED EIGHTY-THREE DOLLARS) be awarded claimant in full satisfaction of any and all claims presented to the State of Illinois under the above-captioned cause.